UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEFAN CRISBASAN,
   Plaintiff,

vs.                              No. 05-1052

GUY PIERCE, et.al.,
   Defendants

### ORDER

      The plaintiff has filed a motion for reconsideration of the May 25, 2005 Court Order dismissing this case [d/e 27]. On May 25, 2005, the court conducted a merit review of the plaintiff's complaint and dismissed his claims for failure to exhaust administrative remedies as required. *See* May 25, 2005 Court Order. All of the plaintiff's allegations revolved around the fact that he was placed in segregation on investigative status after another inmate assaulted him. The plaintiff stated he was placed in segregation on the day of the assault, February 1, 2005 and filed this lawsuit on February 18, 2005. Obviously, the plaintiff did not have time to fully pursue the grievance procedure before filing his lawsuit. The plaintiff also admitted in his complaint that he had not exhausted his administrative remedies.

      The plaintiff has now filed a motion for reconsideration. A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. Hope v. United States, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff's motion appears to have been provided to prison officials within the necessary time frame, therefore the court will consider the plaintiff's motion pursuant to Federal Rule 59(e). See also Hope, 43 F.3d at 1143.

      A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180 (7th cir. 1992). The plaintiff argues two main points. First, he states that he should have been allowed to amend his complaint. The plaintiff filed his complaint, and then filed a motion for leave to amend his complaint. He asked that certain sections and paragraphs be replaced in his original complaint. The court reviewed the document and found that the claims were basically the same, but the amendments provided greater detail. The plaintiff also asked to provide additional documentation and defendants.

      The plaintiff's motions were not allowed. The court explained that it did not allow piecemeal amendments. The plaintiff needed to submit a proposed amended complaint that

included all claims and defendants to prevent confusion over his intended claims and defendants. "The plaintiff also cannot expect the court or the defendants to wade through various documents in an attempt to craft a complaint for the plaintiff." May 25, 2005 Court Order, p. 1   The court notes that none of the amendments would have solved the plaintiff's exhaustion problem.

Second, the plaintiff seems to argue that the exhaustion requirement should not apply to him. He has attached copies of several grievances to his motion to reconsider, but all of these grievances are dated after he filed this complaint.  The court cannot waive the exhaustion requirement. The plaintiff's motion to reconsider is denied. [d/e 27]

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to reconsider the May 25, 2005 Court Order is denied. [d/e 27]**

Entered this 9th day of November, 2005.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE